## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LIVING ASSISTANCE | : | |
| SERVICES, INC., | : | |
|     **Plaintiff,** | : | |
| | : | |
|     **v.** | : | **Civil Action No.** |
| | : | |
| FAMILY BRIDGES HOME CARE, | : | |
| INC., MICHAEL GARFUNKEL, | : | |
| and SHANNON R. GARFUNKEL, | : | |
| | : | **COMPLAINT & JURY DEMAND** |
|     **Defendants.** | : | |

Plaintiff, Living Assistance Services, Inc., asserts claims against defendants, Family Bridges Home Care, Inc., Michael Garfunkel, and Shannon R. Garfunkel, for injunctive relief and for damages, and alleges as follows:

## I.    PRELIMINARY STATEMENT

1.    This is a complaint for Trademark Infringement, Unfair Competition and False Description arising under §§ 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114(1) and 1125(a) and for state law claims for misappropriation, trademark infringement/unfair competition and breach of contract.

2.    This action arises from defendants' unauthorized use of the registered and unregistered trademarks of plaintiff – VISITING ANGELS, AMERICA'S CHOICE IN HOMECARE, LIVING ASSISTANCE SERVICES VISITING ANGELS, SELECT YOUR CAREGIVER and the dove logo – in commerce in connection with the sale of defendants' services.

3.      Defendants placed the registered and unregistered trademarks of plaintiff in ads with the telephone numbers of defendants and distributed the ads with defendants' contact information next to the trademarks owned by plaintiff on numerous popular advertising websites like www.bigyellow.com, www.google.com and www.yahoo.com and in print directories, publications and phone books and on defendants' website for the purpose of advertising defendants' services, which are in competition with the services provided by plaintiff.

## II.    JURISDICTION AND VENUE

4.      The Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338(a) and 15 U.S.C. § 1121. This Court has related claim jurisdiction over the state law claims pursuant to 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367.

5.      The Court has personal jurisdiction over defendants because they are transacting, doing and soliciting business in this district. Defendants have made, and continue to make, their infringing advertisements available to countless users within this district; have promoted and continue to promote their infringing advertisements in this district; and therefore have gained substantial revenue from interstate advertisers wishing to reach users to the detriment of plaintiff. This action arises in part from the breach of a contract formed in Pennsylvania and wherein the parties consented to jurisdiction in Pennsylvania.

6.      Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.  This action arises in part from the breach of a contract formed in Pennsylvania and that contains a forum selection clause providing venue is with the United States District Court for the Eastern District of Pennsylvania.

## III.   THE PARTIES

7.      Plaintiff, Living Assistance Services, Inc., is a Delaware corporation and franchisor with its principal place of business located at 28 West Eagle Road, Suite 201, Havertown, Pennsylvania, 19093.

8.      Defendant, Family Bridges Home Care, Inc. is a citizen of Ohio and can be served with process at 8372 Reading Road, Cincinnati, OH 45237.

9.      Family Bridges Home Care, Inc. is formerly Caring Bridges Home Care, Inc.

10.     Caring Bridges Home Care, Inc. is formerly SEBMFG Legacy, Inc.

11.     Defendants, Shannon R. Garfunkel and Michael Garfunkel, are citizens of Ohio and can be served with process at 8372 Reading Road, Cincinnati, OH 45237.

## IV.   FACTUAL BACKGROUND

12.     Plaintiff's franchises operate under the name VISITING ANGELS.

13.     VISITING ANGELS is a trademark registered with the United States Patent and Trademark Office, August 7, 2001 registration number 2475241, serial number 75874316.

3

14.    The VISITING ANGELS trademark was registered and is owned by plaintiff.

15.    AMERICA'S CHOICE IN HOMECARE is a trademark registered with the United States Patent and Trademark Office, August 28, 2007, registration number 3284718, serial number 77040304.

16.    AMERICA'S CHOICE IN HOMECARE was registered and is owned by plaintiff.

17.    LIVING ASSISTANCE SERVICES VISITING ANGELS is a trademark registered with the United States Patent and Trademark Office, April 10, 2001, registration number 2442068, serial number 75781292.

18.    LIVING ASSISTANCE SERVICES VISITING ANGELS was registered and is owned by plaintiff.

19.    SELECT YOUR CAREGIVER is a trademark registered with the United States Patent and Trademark Office, August 2, 2005, registration number 2980585, serial number 76578311.

20.    SELECT YOUR CAREGIVER was registered and is owned by plaintiff.

21.    The dove logo, which is a dove in a ring and is depicted in Exhibit "A" attached hereto, is owned by plaintiff.

22.    Plaintiff has been doing business in the United States using in commerce the dove logo mark, depicted in Exhibit "A," as a trademark in connection with the living assistance services it provides.

23. Plaintiff has acquired trademark rights to the dove logo mark by virtue of its use in commerce of the dove logo mark in connection with its services.

24. Defendants had actual knowledge of the registration of the marks and the use in commerce by plaintiff of the dove logo mark as of June 25, 2009.

25. Plaintiff entered into franchise agreements with Shannon R. Garfunkel, Michael Garfunkel, SEBMFG Legacy, Inc. and Caring Bridges Home Care, Inc. (collectively "Franchisees") to operate Visiting Angels franchises.

26. Thereafter, plaintiff entered into the Agreement to Terminate Franchises with Michael Garfunkel, Shannon R. Garfunkel and Caring Bridges Home Care Inc. formerly SEBMFG Legacy, Inc.

27. The Agreement to Terminate Franchises provided for the termination of the franchise agreements between plaintiff and Franchisees effective June 30, 2009.

28. Plaintiff and Franchisees entered into the Addendum to Agreement to Terminate Franchises which changed the effective date of the Agreement to Terminate Franchises to June 11, 2009.

29. The Agreement to Terminate Franchises and the Addendum to Agreement to Terminate Franchises (collectively "Termination Agreements") control the rights and liabilities of the parties.

30. The Agreement to Terminate Franchises included a forum selection and choice of law clause, which provided that Pennsylvania law shall control the enforcement of the Agreement to Terminate Franchises, and venue for any legal

action arising out of the Agreement to Terminate Franchises shall be in the United States District Court for the Eastern District of Pennsylvania, located in Philadelphia, Pennsylvania.

31.    This action arises out of the Agreement to Terminate Franchises.

32.    The Garfunkels operate Family Bridges Home Care, Inc.

33.    Franchisees were required, as of June 30, 2009 at 9:00 a.m., to cease use of the marks, names, words and other intellectual property which belonged to plaintiff, including, but not limited to, VISITING ANGELS, AMERICA'S CHOICE IN HOMECARE, LIVING ASSISTANCE SERVICES VISITING ANGELS, SELECT YOUR CAREGIVER and the dove logo, and, immediately following June 30, 2009 at 9:00 a.m., to take reasonable efforts to terminate any and all links between Franchisees and the marks which belonged to plaintiff.

34.    The Termination Agreements provided that Franchisees shall not use in advertising, marketing, or promotional activities any of the telephone numbers or email addresses used by the franchisees during operation of the franchises.

35.    The Termination Agreements provided that not later than July 30, 2009, Franchisees shall obtain new telephone numbers and email addresses and shall thereafter use their new telephone numbers and email addresses as their exclusive contact telephone numbers.

36.    The Termination Agreements also provided that Franchisees shall not directly solicit business any clients that are clients of any Visiting Angels franchise

for a period of twelve (12) months after the effective date of June 30, 2009 at 9:00 a.m.

37.     The Termination Agreements further provided that Franchisees shall not directly solicit any prospective client that it knows, or has reason to know, is a then-current client of another Visiting Angels franchise for a period of twelve (12) months after the effective date of June 30, 2009 at 9:00 a.m.

38.     The Termination Agreements provided that if Franchisees determined later that a prospective client was already a client of a Visiting Angels franchise that Franchisees shall immediately cease any further solicitation.

39.     Franchisees did not, immediately following June 30, 2009 at 9:00 a.m., use reasonable efforts to terminate all links between Franchisees and the marks which belonged to plaintiff.

40.     Defendant, Family Bridges Home Care, Inc., has, since June 30, 2009 at 9:00 a.m., used and is using VISITING ANGELS, AMERICA'S CHOICE IN HOMECARE, LIVING ASSISTANCE SERVICES VISITING ANGELS, SELECT YOUR CAREGIVER and the dove logo in its advertising, marketing and promotional activities.

41.     Defendants, since July 30, 2009, have used and are using the telephone numbers and email addresses for their Visiting Angels franchise and did not use and are not using their new telephone numbers and email addresses as their exclusive contact telephone numbers.

42.    Defendants advertised and are advertising under the marks VISITING ANGELS, AMERICA'S CHOICE IN HOMECARE, LIVING ASSISTANCE SERVICES VISITING ANGELS, SELECT YOUR CAREGIVER and the dove logo together with the telephone numbers, 513-770-0600 and 937-396-0048, which connect to Family Bridges Home Care, Inc.

43.    Defendants have advertised, marketed, and promoted Family Bridges Home Care, Inc. by using VISITING ANGELS, AMERICA'S CHOICE IN HOMECARE, LIVING ASSISTANCE SERVICES VISITING ANGELS, SELECT YOUR CAREGIVER and the dove logo and the telephone numbers, which were used for the operation of the Visiting Angels franchise.

44.    Defendants distributed advertisements with the VISITING ANGELS, AMERICA'S CHOICE IN HOMECARE, LIVING ASSISTANCE SERVICES VISITING ANGELS, SELECT YOUR CAREGIVER and the dove logo marks and their own phones numbers on numerous popular advertising websites like www.bigyellow.com, www.google.com and www.yahoo.com and in print directories and phone books and on defendants' website in order to advertise their services, which are in competition with the services provided by plaintiff.

45.    One of the infringing ads used by defendants is depicted below and attached hereto as Exhibit "B":



8

46.     The telephone numbers advertised by defendants with VISITING
ANGELS, AMERICA'S CHOICE IN HOMECARE, LIVING ASSISTANCE
SERVICES VISITING ANGELS, SELECT YOUR CAREGIVER and the dove logo,
including 513-770-0600, 513-531-0048,937-396-0048, 937-299-0048, 513-878-1756,
513-531-9600, and 513-598-6770, are contact telephone numbers for Family Bridges
Home Care, Inc.

47.     Visitingangels@fuse.net is an email address used by defendants.

48.     Defendants use and have used visitingangels@fuse.net as an email
address to contact Family Bridges Home Care, Inc.

## COUNT I – TRADEMARK INFRINGEMENT

49.     Plaintiff repeats and incorporates by reference the averments of the
above paragraphs 1 through 48.

50.     Defendants, without authorization, used, reproduced, counterfeited, and
copied a colorable imitation of the registered and unregistered marks – VISITING
ANGELS, AMERICA'S CHOICE IN HOMECARE, LIVING ASSISTANCE
SERVICES VISITING ANGELS, SELECT YOUR CAREGIVER and the dove logo –
owned by plaintiff in commerce in connection with the sale and offering for sale of
services for Family Bridges Home Care, Inc. in such a manner likely to cause
confusion, cause mistake, or to deceive the public as to the identity and origin of
defendants' services causing injury to plaintiff for which there is no adequate remedy
at law.

51.   The acts of defendants described herein infringe plaintiff's registered marks, VISITING ANGELS, AMERICA'S CHOICE IN HOMECARE, LIVING ASSISTANCE SERVICES VISITING ANGELS and SELECT YOUR CAREGIVER, causing damage to plaintiff and to the business and goodwill of plaintiff in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

52.   Defendants' acts of trademark infringement have caused and are causing irreparable injury to plaintiff and to its respective trademarks and business and goodwill and, unless restrained, will cause further irreparable injury, leaving plaintiff with no adequate remedy at law.

53.   Plaintiff is entitled to injunctive relief against defendants restraining further acts of trademark infringement and to recover any damages caused by defendants' trademark infringement.

## COUNT II – FALSE DESIGNATION OF ORIGIN, FALSE REPRESENTATIONS AND FALSE ADVERTISING

54.   Plaintiff repeats and incorporates by reference the averments of the above paragraphs 1 through 53.

55.   Defendants' unauthorized use of the plaintiff's marks to promote, market or sell services in direct competition with plaintiff's services constitutes unfair competition pursuant to 15 U.S.C. § 1125(a).

56.   Defendants' unauthorized use of the VISITING ANGELS, AMERICA'S CHOICE IN HOMECARE, LIVING ASSISTANCE SERVICES VISITING ANGELS, SELECT YOUR CAREGIVER and the dove logo marks is likely to cause, and has caused, confusion, mistake and deception among consumers and has caused some

consumers mistakenly to believe that some or all of defendants have an affiliation with plaintiff, or that the advertisements bearing plaintiff's mark with defendants' phone numbers are approved by or otherwise associated with plaintiff.

57.   By engaging in the acts described herein, defendants have made and are making false, deceptive and misleading statements constituting false representations and false advertising made in connection with services distributed in interstate commerce in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

58.   Defendants' unfair competition and false advertising have caused and will continue to cause damage to plaintiff and plaintiff's goodwill and reputation and are causing irreparable harm to plaintiff for which there is no remedy at law.

59.   Plaintiff is entitled to injunctive relief against defendants restraining further acts of trademark infringement and to recover any damages caused by defendants' acts of false designation of origin, false representations and false advertising.

## COUNT III – MISAPPROPRIATION

60.   Plaintiff repeats and incorporates by reference the averments of the above paragraphs 1 through 59.

61.   Plaintiff expended resources to design, display and disseminate the dove logo, as depicted in Exhibit "A."

62.   Plaintiff expended resources to development, display and disseminate the VISITING ANGELS, LIVING ASSISTANCE SERVICES VISITING ANGELS and SELECT YOUR CAREGIVER marks.

11

63.    By usurping plaintiff's dove logo and other marks and using the dove logo and other marks in their own ad, defendants have unfairly misappropriated valuable commercial property belonging to plaintiff.

64.    Defendants directly compete with plaintiff.

65.    Defendants completely adopted the dove logo and other marks of plaintiff for their own use and used the dove logo and other marks to make a profit for themselves, to the exclusion of plaintiff.

66.    Defendants' acts of misappropriation and unfair competition have caused and are causing irreparable injury and damage to plaintiff in an amount not capable of determination and, unless restrained, will cause irreparable injury, leaving plaintiff no adequate remedy at law.

## COUNT IV – TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER STATE LAW

67.    Plaintiff repeats and incorporates by reference the averments of the above paragraphs 1 through 66.

68.    The acts of defendants as described herein constitute trademark infringement and unfair competition in violation of plaintiff's rights under the common law of the Commonwealth of Pennsylvania.

## COUNT V – BREACH OF CONTRACT

69.    Plaintiff repeats and incorporates by reference the averments of the above paragraphs 1 through 68.

70.    Defendants materially breached the Termination Agreements by continuing to use the marks of plaintiff.

71.    Defendants materially breached the Termination Agreements by soliciting clients of the Visiting Angels franchises.

72.    The Termination Agreements provided for the recovery of legal fees and costs incurred by the breaching party to enforce rights under the Termination Agreements and bond or other form of security shall not be required to obtain injunctive or other equitable relief as a remedy for breach or threatened breach of the Termination Agreements and damages are an available remedy along with equitable relief.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff requests judgment in favor of plaintiff and prays that this Court:

a.    declare that defendants' unauthorized conduct violates plaintiff's rights under common law and the Lanham Act.

b.    immediately and permanently enjoin defendants and their agents, officers, employees, representatives, successors, assigns, attorneys and all other persons acting for, by, through or under authority from defendants from: (a) using plaintiff's trademarks – VISITING ANGELS, AMERICA'S CHOICE IN HOMECARE, LIVING ASSISTANCE SERVICES VISITING ANGELS, SELECT YOUR CAREGIVER and the dove logo, or any colorable imitation thereof; (b) using any trademark that imitates or is confusingly similar to or is in any way similar to plaintiff's trademarks VISITING ANGELS, AMERICA'S CHOICE IN

HOMECARE, LIVING ASSISTANCE SERVICES VISITING ANGELS, SELECT YOUR CAREGIVER and the dove logo, or that is likely to cause confusion, mistake, deception or public misunderstanding as to the origin of plaintiff's services or their connectedness to defendants. Plaintiff is entitled to injunctive relief without a bond or other form of security, as provided by the Termination Agreements;

c. order defendants to file with the Court and serve on plaintiff within thirty (30) days after entry of the injunction a report, in writing and under oath, setting forth in detail the manner and form in which defendants have complied with the injunction;

d. order defendants to immediately transfer to plaintiff the email address visitingangels@fuse.net;

e. order defendants to immediately remove and facilitate the removal of marks, logos, and names belonging to plaintiff from all media references and advertisements in which the marks, logos, and names belonging to plaintiff are connected with the contact information of Family Bridges Home Care, Inc.;

f. order defendants to transfer to plaintiff all telephone numbers contact telephone numbers for Family Bridges Home Care, Inc. advertised by defendants with Visiting Angels, including 513-770-0600, 513-531-0048,937-396-0048, 937-299-0048, 513-878-1756, 513-531-9600, and 513-598-6770;

g. order that defendants, pursuant to 15 U.S.C. § 1117, be compelled to account to plaintiff for any and all profits derived from its illegal acts complained of herein and to pay plaintiff said profits;

h. order defendants, pursuant to 15 U.S.C. § 1118, to deliver up for destruction all containers, labels, signs, prints, packages, wrappers, receptacles, advertising or promotional material or the like in the possession, custody or under the control of defendants bearing a trademark found to infringe on plaintiff's VISITING ANGELS, AMERICA'S CHOICE IN HOMECARE, LIVING ASSISTANCE SERVICES VISITING ANGELS, SELECT YOUR CAREGIVER and the dove logo trademark rights, as well as plates, matrices, proofs and other means of making the same;

i. award plaintiff actual and/or statutory damages for defendants' misappropriation, trademark infringement and breach of contract;

j. declare this to be an exceptional case and award plaintiff its full costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117; and

k. grant plaintiff any other remedy to which it may be entitled pursuant to 15 U.S.C. §§ 1116 and 1117 and under state law and for such other relief that the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues raised herein.

Respectfully submitted,

JEFFREY B. McCARRON
CANDIDUS K. DOUGHERTY

Identification Nos. 49467/206106
SWARTZ CAMPBELL LLC
Two Liberty Place
50 S. 16th Street, 28th Floor
Philadelphia, PA   19102
(215) 299-5190
jmccarron@swartzcampbell.com
cdougherty@swartzcampbell.com

Dated: April 14, 2010

Exhibit A



# Exhibit B



**Visiting Angels**

LIVING ASSISTANCE SERVICES

*Bonded & Insured*

Butler & Warren Co.
Cincinnati
Dayton





- Up To 24 Hr. Care
- Assistance In Hygiene
- Meal Preparation
- Light House Keeping & Laundry
- Transportation For
  Doctors Visit & Errands
- Long & Short Term Care
- Drug Free Workplace

NPDA

VISA

www.visitingangels.com/swohio